**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RONALD SATISH EMRIT,<br><br>              Plaintiff,<br><br>    v.<br><br>MOORE, *et al.*,<br><br>              Defendants. | Civil Action No. 25-13293 (JXN)(MAH)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Ronald Satish Emrit[1] ("Emrit" or "Plaintiff") application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2) and Complaint (ECF No. 1) against Defendants Wes Moore, Aisha Braveboy, Jamie Raskin, Angela Alsobrooks, Chris Van Hollen, and Anthony Brown (collectively, "Defendants"). Based on the information contained in the Plaintiff's IFP application, the Court finds that leave to proceed in this Court without prepayment of fees is authorized under 28 U.S.C. § 1915 and grants Plaintiff's IFP application. As the Court grants Plaintiff's IFP application, the Complaint is subject to the Court's *sua sponte* screening. 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Plaintiff's IFP application is **GRANTED**, and the Complaint is **DISMISSED** *with prejudice.*

I.    **BACKGROUND**[2]

On July 14, 2025, Emrit filed the instant Complaint against several federal and state public officials representing the State of Maryland, including Governor Wes Moore, Prince George's

---

[1] Plaintiff also refers to himself as Presidential Candidate Number P60005535 & Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America. (Compl. at *1.)

[2] The factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court makes no findings as to the veracity of Plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) ("[T]he § 1915(d) frivolousness determination . . . cannot serve as a factfinding process for the resolution of disputed facts.")

County Executive Aisha Braveboy, United States Representative Jamie Raskin, United States Senator Angela Alsobrooks, United States Senator Chris Van Hollen, Attorney General of Maryland Anthony Brown (collectively, "Defendants"). (*See* Complaint ("Compl.), ECF No. 1.) While the Complaint is difficult to decipher, Plaintiff appears to allege that Defendants are negligent for failing to provide Plaintiff with a Section 8 Housing Voucher, adequate EBT/SNAP benefits, and for not assisting him in securing employment as a professor of entertainment law in the State of Maryland. (*Id.* ¶¶ 1, 5, 6.) Plaintiff claims against Defendants for negligence, intentional infliction of emotional distress, tortious interference with business relations/contracts, tortious interference with family relationships, civil rights violations, and violations of constitutional law. (*Id.* ¶¶ 28-35.) Plaintiff seeks damages in the amount of $250,000. (*Id.* at * 8.)

Plaintiff claims to be a resident of the states of Florida and Maryland. (*Id.* ¶ 7.) Plaintiff alleges that the U.S. District Court for the District of Maryland has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of jurisdiction between Plaintiff and Defendants, given that Plaintiff primarily resides in Florida, and the amount in controversy exceeds $75,000. (*Id.* ¶¶ 15, 19.) Plaintiff also alleges the U.S. District Court for the District of Maryland has federal question jurisdiction pursuant to 28 U.S.C. § 1331 "because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." (*Id.* ¶¶ 16-17.) Finally, Plaintiff alleges that the U.S. District Court for the District of Maryland is the proper venue pursuant to 28 U.S.C.A. §§ 1391 1400. (*Id.* ¶ 18.)

## II.    LEGAL STANDARD

In submitting the IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is: (1) frivolous or malicious; (2) fails to state a

claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[3] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Brown*, 941 F.3d at 662.

The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995). A claim may be determined malicious through the application of a subjective inquiry into the litigant's motivations at the time of filing of the lawsuit to determine whether the action is an attempt to "vex, injure or harass the defendant." *Hurst v. Counselman*, 436 F. App'x 58, 60 (3d. Cir. 2007w (quoting *Deutsh v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). Plaintiffs may not repackage their previously dismissed

---

[3] "[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *Schwager v. Norristown State Hosp.*, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

complaint by adding new defendants or alternate legal theories. *See, e.g.*, *Ouaziz v. Murphy*, No. 23-cv-2696, 2024 WL 397708, at \*5 (D.N.J. Feb. 2, 2024) (citing *Gambocz v. Yelencsis*, 468 F.2d 837 (3d Cir. 1972)) (holding that a plaintiff could not reassert a dismissed claim even where he has added new defendants); *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)) (stating that "a plaintiff who asserts a different theory of recovery" in their new suit must have their claim dismissed "when the events underlying the two suits are essentially the same").

## III.   DISCUSSION

As a preliminary matter, this Court takes judicial notice of Emrit's status as a "vexatious" litigant. *See Emrit v. United States Pat. & Trademark Off.*, No. 25-278, 2025 WL 2988663, at \*2 (W.D. Pa. Oct. 23, 2025) (citing *Emrit v. Prince George's Cnty. Police Dep't*, No. 25-249, 2025 WL 2345179, at \*2 (W.D. Pa. Aug. 13, 2025) (recounting "Plaintiff's proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country"); *Emrit v. Progressive Ins. Co.*, No. 24-13, 2024 WL 436385, at \*2 (N.D. Fla. Jan. 11, 2024) (identifying Plaintiff as a "'serial *pro se* filer' who has been a party in more than 700 federal cases and the plaintiff in more than 400 federal cases"), *report and recommendation adopted*, 2024 WL 420143 (N.D. Fla. Feb. 5, 2024), *appeal dismissed*, No. 24-10413, 2024 WL 3664060 (11th Cir. Mar. 4, 2024); *Emrit v. Bd. of Immigr. Appeals*, No. 22-00110, 2022 WL 4287659, at \*1 & n.1 (S.D. W. Va. Mar. 31, 2022) (court noting that Emrit had filed cases "nationwide, from Maine to Hawaii" and cataloguing all the various cases that were dismissed as meritless and frivolous), *report and recommendation adopted*, 2022 WL 3594518 (S.D. W. Va. Aug. 23, 2022).

## A. Venue

Plaintiff does not make a colorable claim that venue lies in the District of New Jersey. Plaintiff states that he is a resident of Florida and Maryland. (*See* Compl. ¶ 7.) A civil action may be commenced in a judicial district in which (1) "any defendant resides"; (2) where "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if neither of the foregoing provisions applies, in a district in which 'any defendant is subject to the court's personal jurisdiction.'" *Blanding v. Walmart, Inc.*, No. 23-3303, 2023 WL 11228068, at *1 (D.N.J. Dec. 11, 2023) (summarizing the statutory venue requirements of 28 U.S.C. § 1391(b)). A court may raise considerations of venue *sua sponte*. *Bent Glass Design v. Scienstry, Inc.*, No. 13-4282, 2014 WL 550548, at *6 (E.D. Pa. Feb. 12, 2014) ("[W]hile venue is initially reliant on a plaintiff's preference as reflected in the pleadings, a district court may upon motion *or sua sponte* dismiss or transfer a civil action to any other district in the interest of justice and/or for the convenience of parties and witnesses.").

Here, none of the Defendants identified in the Complaint are residents of New Jersey, nor do Emrit's allegations suggest that any part of the events or omissions giving rise to his claims occurred here. Notably, Emrit identifies himself as a resident of both Florida and Maryland, but not New Jersey. (Compl. ¶ 1.) He further claims that the U.S. District Court for the District of Maryland is the proper forum for his claims. (*See* Compl. ¶¶ 15, 16, 18.) Ultimately, no facts are alleged in the Complaint to support venue in the District of New Jersey. *See* 28 U.S.C. § 1391(b).

In the absence of venue, the Court has the authority to *sua sponte* dismiss the case. *Baptiste v. Tapestry, Inc.*, No. 18-3275, 2018 WL 3772678, at *2, 4 (D.N.J. Aug. 9, 2018 ("Having found that venue is improper, the Court may *sua sponte* consider if a transfer or dismissal under Section 1406 is appropriate."). Specifically, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it

be in the interest of justice, transfer such case to any district or division in which it could have been brought." While the Third Circuit has established that "[d]istrict courts generally should not dismiss in forma pauperis complaints for improper venue" but rather, should "expressly consider whether the interests of justice weigh in favor of transferring [Plaintiff's] complaint instead of dismissing it." *Fiorani v. Chrysler Grp.*, 510 F. App'x 109, 111 (3d Cir. 2013).  Here, dismissal is particularly appropriate, as Emrit has filed identical or substantially similar complaints in numerous jurisdictions across the country, including in the District of Maryland, only to have his claims consistently dismissed for lack of proper venue and/or failure to state a cognizable claim. *See e.g. Emrit v. Moore*, *et al.*, No. 25-2185 (D. Md. Aug. 8, 2025); *Emrit v. Moore*, 2025 WL 2858880 (D. S.C. Oct. 9, 2025) (complaint dismissed for improper venue); *Presidential Candidate No. P60005535 v. Moore*, 2025 WL 2604495 (M.D. Pa. Jul. 18, 2025) (same); *Presidential Candidate No. P60005535 v. Moore*, No. 25-64 (W.D. Va. Sept. 3, 2025) (same); *Emrit v. Moore*, No. 25-03014 (D. S.D. Aug. 27, 2025) (same); *Emrit v. Moore*, No. 25-157 (S.D. Ga. Jul. 15, 2025) (same); *Presidential Candidate No. P60005535 v. Moore*, 2025 WL 2355776 (S.D. Ga. July 23, 2025), *report and recommendation adopted,* 2025 WL 2345082 (S.D. Ga. Aug. 13, 2025) (dismissing Plaintiff's claims because "[a] duplicative complaint is an abuse of the judicial process," and they are, therefore, "malicious."); *Presidential Candidate No. P60005535 v. Moore*, 2025 WL 2412341 (E.D. Tex. Aug. 19, 2025) (transferring Plaintiff's claims to the proper venue of the District of Maryland); *Presidential Candidate No. P60005535 v. Moore*, 2025 WL 2269788 (M.D. Pa. Aug. 8, 2025) (transferring Plaintiff's claims to the proper venue of the District of Maryland); *Presidential Candidate Number P60005535 v. Moore, et al.*, No. 25-03014, ECF No. (unknown, can't access District of Maryland dockets through PACER) (D. Md. Sep. 17, 2025); *Emrit v. Moore*, et al., No. 25-2185, ECF No. 11 (D. Md. Aug. 8, 2025). Moreover, a pre-filing

6

injunction[4] in the District of Maryland against Plaintiff took effect on September 5, 2025. See *Presidential Candidate Number P9004435*, (D. Md. Sep. 17, 2025) (citing *In re Emrit*, Misc. No-25-488 (D. Md.), ECF No.2). For the foregoing reasons, there is no cause to conclude that a transfer is in the interest of justice.

The final inquiry is whether the dismissal of Plaintiff's claims is with or without prejudice and whether to grant leave to amend his claims. Leave to amend is appropriate unless an amendment would be inequitable or futile. *See Adams v. Gould, Inc*., 739 F.2d 858, 864 (3d Cir. 1984). Here, an amendment would be inequitable because Plaintiff has demonstrated bad faith through his continuous and vexatious litigation against the Defendants, and futile, as this is an improper venue. For the reasons previously expressed, the Court finds that leave to amend any of Plaintiff's claims would be futile.

## IV.    CONCLUSION

Plaintiff's IFP application (ECF No. 1-2) is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED** *with prejudice*. An appropriate Form of Order accompanies this Opinion.

**DATED: 4/17/2026**

JULIEN XAVIER NEALS
United States District Judge

---

[4] Pre-filing injunctions prohibit plaintiffs with histories of vexatious litigation from filing any further actions or documents relating to the subject matter of the litigation in any other court. *See In re David M. Kissi Litig.*, 12-MC-287, 2012 WL 10011197 (D. Md. Aug. 8, 2012)